UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Moresetta Smart, | ) | CASE NO. 5:14 CV 2471 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| Kathy Haupt, M.D., *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* plaintiff Moresetta Smart filed this civil rights action on November 7, 2014.  After the defendants answered and moved for judgment on the pleadings (Doc. No. 6), the plaintiff requested, and was granted, an extension of time to obtain counsel and respond to the defendants' motion.  On January 5, 2015, the plaintiff, without counsel, responded to the defendants' motion in an "Answer." (Doc. No. 9.)  She filed a "Supplemental Answer" *pro se* the following day.  (Doc. No. 10.)  The defendants thereafter replied (Doc. Nos. 11, 12), thereby completing briefing on the motion.[1]  For the reasons stated below, the defendants' motion is granted and this action is dismissed.

**Allegations**

---

[1]The plaintiff subsequently filed additional "answers" apparently purporting to further respond to the defendants' motion and reply (*see* Doc. Nos. 13, 15, and 16).  However, none of the plaintiff's additional briefs (or the defendants' responses to them) will be considered by the Court in deciding the defendants' motion for judgment on the pleadings as the additional briefs are not authorized by Local Rule 7.1 or the Court's December 4, 2014 order, and the plaintiff did not seek leave to file additional briefs.

The plaintiff filed this federal action pursuant to 42 U.S.C. §1983 and Title VII of the Civil Rights Act against and her doctor, Kathy Haupt; a medical facility in which Dr. Haupt practices, Family Medicine of Stark County; and a medical assistant at the facility, "Shannon K.R. Doe." Her complaint alleges the following facts.

The plaintiff had an appointment with Dr. Haupt on November 13, 2013.  After the plaintiff and Dr. Haupt disagreed about the nature of the appointment (the plaintiff contends this was a "follow up" appointment relating to a prior car accident, but Dr. Haupt told her she was there for blood work), Dr. Haupt left the examination room and when she returned, disclosed personal health information of the plaintiff where "everyone within earshot could hear." The plaintiff alleges "[t]his is a violation of HIPAA" (the federal Health Insurance Portability and Accountability Act).

The plaintiff alleges she "got emotional" after this occurrence and got up to leave the exam room.  She alleges that, as she was leaving, she was administered a "fraudulent flu shot" by Shannon Doe.  According to the plaintiff:  "Shannon rushed up behind me and struck me in the arm with an immunization gun."  The plaintiff alleges she did not consent this treatment, that it was "unsafe" and "improperly administered," and that Dr. Haupt did not explain it to her and refused to discuss it with her afterward.

The plaintiff also alleges she was denied proper access to her medical records.  She alleges she "stopped at the front and asked for a copy of [her] medical records," but there "was some confusion about [her] getting" her records.  She was told "that Dr. Haupt said [she] could only have a limited amount of [her] medical records."  "At that point [the plaintiff] left the building."  She returned a few days later "with a tape recorder and demanded a release form to get [her] medical records."  She signed a release and the next day Dr. Haupt sent her a letter telling her she "needed

2

to get a new Doctor."  The plaintiff further alleges:

> Since then I have requested to receive a copy of my medical records [and] I also asked to review and correct the discrepancies in [the] records [but] I was denied access in doing so. My records were sent in the mail unsecured.  Upon inspection I noticed that part of my records had been tampered with and altered.  The flu shot paper had been altered and the bar code tag along the side of the paper had been tak[en] off.

In addition, the plaintiff alleges Dr. Haupt or her staff recently sent her personal health information to  parties interested in her car accident, which included information about her childhood that had nothing to do with the accident.  The plaintiff alleges Dr. Haupt's actions, and the actions of her employees regarding her records, "are in violation of HIPAA."

### Standard of Review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005).  In deciding the motion, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although pleadings filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a *pro se* complaint must still contain sufficient factual matter, accepted as true, to "state a

3

claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. App'x 784, 786 (6th Cir. 2011). Thus, even *pro se* plaintiffs must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### Analysis

The defendants contend they are entitled to judgment on the pleadings because diversity jurisdiction does not exist in the case, and the allegations in the plaintiff's complaint characterize only state-law negligence and medical malpractice claims, not federal civil rights claims under the Constitution or the Civil Rights Act of 1964. Further, the defendants point out that no private right of action exists to enforce provisions of HIPPA. Accordingly, they argue the plaintiff's allegations of HIPPA violations fail to state a claim. *See, e.g., Henry v. Ohio Victims of Crime Compensation Program*, Case No. 2: 07 CV 52, 2007 WL 682427, at *2 (S.D. Ohio 2007) ("Congress neither expressly nor impliedly provided for any private rights of action to enforce HIPAA"); *Doe v. Board of Trustees of University of Illinois*, 429 F.Supp.2d 930, 944 (N.D. Ill. 2006) (HIPAA "does not create a private cause of action for improper disclosures of medical information," but rather provides civil and criminal penalties which must be enforced by the Department of Health and Human Services).

In her answer and supplemental answer, the plaintiff does not dispute that diversity jurisdiction does not exist. Nor does she demonstrate that she has alleged any viable federal claim. She does not dispute that she cannot assert a cause of action under HIPAA. And she does not deny that she alleges various state-law claims against the defendants (of negligence and medical malpractice among other state-law claims).

While the plaintiff cites generally to several federal criminal fraud statutes and conclusorily

4

asserts "racial discrimination"and "racial profiling"  in her answer, she has failed to state a plausible claim for relief in the case on these bases.  The criminal statutes the plaintiff cites do not support a plausible civil claim for relief.  And her vague and purely conclusory assertions of race discrimination and racial profiling are insufficient to raise a right to relief for race discrimination – under any federal civil rights law or statute – above a speculative level.  Simply, the plaintiff has not alleged sufficient factual content in her complaint, her answer, or her supplemental answer that would support her vague and conclusory assertions, or that would give rise to a plausible inference that the defendants discriminated against her on the basis of her race.  In short, the plaintiff's complaint fails to state a plausible federal civil rights claim.  Accordingly, the defendants are entitled to judgment on the pleadings.

## Conclusion

For the reasons stated above, the defendants' motion for judgment on the pleadings (Doc. No. 6) is granted.  All remaining pending motions (Doc. Nos. 14, 17, and 18) are denied as moot.[2]

IT IS SO ORDERED.


/s/John R. Adams
_____
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

Dated: June 4, 2015
_____

[2]The plaintiff filed an "Amended Complaint" without leave of Court on April 23, 2015.  (*See* Doc. No. 22).  Even if the plaintiff had requested leave to file this pleading, the Court would not allow it because – like her original complaint – it does not allege facts sufficient to state a plausible federal claim.  The Amendment Complaint merely lists causes of action and defendants but fails to set forth factual allegations supporting such claims.  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Further, the Court is not required to conjure allegations on a *pro se* litigant's behalf.  *See Erwin v. Edwards*, 22 Fed. App'x 579, 2001 WL 1556573 (6th Cir. Dec.4, 2001).

5